

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00436-CR

KENNETH ALLEN TARRILLION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Collin County, Texas
Trial Court No. 002-82080-2014, Honorable Richard Davis, Presiding

June 17, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Kenneth Allen Tarrillion appeals from his jury conviction of the misdemeanor offense of assault causing bodily injury.[1] We dismiss the appeal for want of prosecution. *See* TEX. R. APP. P. 37.3(b).[2]

---

[1] *See* TEX. PENAL CODE ANN. § 22.01 (West 2013).

[2] Rule 37.3(b) provides: "If the trial court clerk failed to file the clerk's record because the appellant failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, the appellate court may - on a party's motion or its own initiative - dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. The court must give the appellant a reasonable opportunity to cure before dismissal."

Appellant filed his notice of appeal in November 2014. In December 2014, appellant's retained counsel withdrew from the representation with the trial court's approval. Appellant has appeared *pro se* since.

The clerk's record was due in mid-December 2014. The court clerk notified us appellant had not made payment arrangements for the record. Appellant did not correspond with the Court, despite being notified of his obligation to make payment arrangements. In February 2015, we remanded the case to the trial court to determine whether appellant desired to prosecute his appeal and whether he was indigent and entitled to a free record. The trial court held a hearing in March 2015, at which appellant personally appeared. The reporter's record of that hearing shows appellant was aware of the cost of the appellate record. The trial court's findings of fact and conclusions of law state that appellant is not indigent, and appellant's statements to the trial court support that conclusion. The case was reinstated in this Court following that hearing.

By letter of May 19, we again ordered appellant to make payment arrangements for the appellate record. On June 10, the Court received a status report stating appellant still has not made arrangements to pay for the clerk's record.

Appellant has had ample opportunity to cure his failure to make payment arrangements for the clerk's record. Because no clerk's record has been filed due to appellant's fault, we dismiss the appeal for want of prosecution. TEX. R. APP. P. 37.3(b).

James T. Campbell
Justice

Do not publish.